# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CORONADO, ) | 1:10-cv-00594-AWI-SKO |
| ) | |
| Plaintiff, ) | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT BE GRANTED** |
| v. ) | |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| ) | (Doc. 21) |
| Defendant. ) | **OBJECTIONS DUE: 14 DAYS** |
| _____ ) | |

## I. INTRODUCTION

Plaintiff Jose Coronado ("Plaintiff") filed a complaint on April 3, 2010, seeking reversal of the Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for Social Security disability benefits. (Doc. 1.) On September 2, 2011, the Court issued an order reversing and remanding the ALJ's decision and entered judgment in favor of Plaintiff. (Docs. 19, 20.)

On December 1, 2011, Plaintiff filed an application for an award of fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $10,700.46. (Doc. 21.) On December 29, 2011, the Commissioner filed an opposition to Plaintiff's request asserting that the total number of hours expended by Plaintiff's counsel was unreasonable. (Doc. 24.)

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's EAJA application be GRANTED in the amount of $7,286.65.

## II.   DISCUSSION

**A.   Legal Standard**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and other expenses:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Any application for an award of EAJA fees and other expenses must be made within thirty days of final judgment in the action and "must include an itemized statement from any attorney representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).  The party submitting the application is also required to allege that the position of the United States was not substantially justified. *Id.*  Further, the party applying for an award of EAJA fees must have an individual net worth not greater than $2,000,000 at the time the civil action was filed. *Id.* § 2412(d)(2)(B).

**B.   Plaintiff is Entitled to An Award of EAJA Fees and Other Expenses**

As an initial matter, Plaintiff has met the statutory criteria to be eligible for an EAJA award of fees and other expenses.  A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been found to constitute a final, appealable judgment. *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993). A party who obtains a sentence four remand in a social security appeal is a prevailing party for purposes of the EAJA. *Schaefer*, 509 U.S. at 302.  Here, Plaintiff asserts that he was a prevailing party for purposes of the appeal because judgment was entered in Plaintiff's favor. (Doc. 21-1, 2:15-19.)  The Commissioner does not dispute this.  Plaintiff further asserts that his net worth as an individual was not more than $2,000,000 at the time the civil action was filed pursuant to 28 U.S.C. § 2412(d)(1)(D)(2)(B), which is also undisputed by the Commissioner.  (Doc. 21-1, 2:20-22.) Plaintiff's assertion that the Commissioner's position was not substantially justified is also

2

undisputed. (Doc. 21-1, 3:15-4:21.)   The Court finds that Plaintiff is entitled to an award of his reasonable attorney's fees and expenses.

**C.    Reasonableness of the Fees**

The Court must determine what amount constitutes a reasonable award of attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review plaintiff's fee request to determine its reasonableness). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).   The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum*, 465 U.S. at 897.

    **1.    Hourly Rates**

Plaintiff requests $175.06 per hour for work performed by his counsel in 2010 and $179.51 per hour for work performed in 2011, which are the applicable statutory maximum hourly rates under EAJA for attorney work performed in 2010 and 2011, adjusted for increases in the cost of living, as published by the Ninth Circuit on its website pursuant to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6.   These rates are unopposed and have been considered reasonable in other social security cases in this district. *See, e.g., Roberts v. Astrue*, No. 1:09-cv-1581-DLB, 2011 WL 2746715, at * 4 (E.D. Cal. July 13, 2001). The Court does not find any basis to recommend a reduction to the hourly rates requested.

    **2.    Hours Expended**

As to hours expended, Plaintiff's application for an award of EAJA fees seeks attorney's fees for 44 hours of work performed by Ms. Bosavanh in 2010 and 16.7 hours of work performed by Ms. Bosavanh in 2011. (*See* Doc. 21-1, p.8.)   The Commissioner asserts that the hours expended by

3

Plaintiff's counsel "are patently high." (Doc. 24, 3:7.) The Commissioner contends that Plaintiff's counsel spent an unreasonable amount of time reviewing the docket and court filings, particularly because these documents were routine filings. Moreover, the Commissioner argues that the time Plaintiff's counsel expended on researching and drafting the opening brief substantially overlapped with the amount of time Plaintiff's counsel spent researching and drafting the initial confidential brief. In other words, the Commissioner asserts that much time spent on the opening brief was duplicative of work already performed in conjunction with the confidential brief. (Doc. 24, 5:5-2.) Finally, the Commissioner contends that, in general, given the routine issues in the case, Plaintiff's counsel expended an unreasonable amount of time that "far exceeds the average amount of time spent litigating an entire disability case." (Doc. 24, 8:3-4.)

### a. Unreasonable Accumulation of Time

The amount of time spent by Ms. Bosavanh reviewing documents is unreasonable when considered as a whole. Six-minute billing increments, which is how Ms. Bosavanh's time entries are recorded and presented, can be problematic when small tasks that require less than six minutes are recorded separately. Six-minute billing increments can result in a rounding-up that over-calculates the time actually spent on the tasks in total. Thus, for example, when eight separate tasks that require one minute each (for a total of eight minutes of time) are billed as eight discrete six-minute tasks, the billing reflects 48 minutes of time. In other words, eight minutes of actual time spent generates billing entries of 48 minutes. Repeated 0.1 entries (six minutes) for tasks that require less than six minutes each will ultimately reflect more time than that actually expended. Ms. Bosavanh provides the following time entries pertaining to review of routine orders and documents:

| Date | Description | Time |
| --- | --- | --- |
| 04/05/10 | Review court notice re: IFP filed | 0.1 |
| 04/06/10 | Review order granting IFP, summons, scheduling order and related documents | 0.3 |
| 04/23/10 | Review court document notice | 0.1 |

| | | |
|---|---|---|
| 04/23/10 | Receive notice and review docket | 0.1 |
| 05/10/10 | Review return receipt from [the Commissioner] and the [AUSA] | 0.1 |
| 05/12/10 | Review return receipt from Attorney General | 0.1 |
| 05/18/10 | Review consent to jurisdiction by magistrate judge by OGC | 0.1 |
| 08/23/10 | Review notice of lodging of transcript | 0.1 |
| 08/23/10 | Receive acknowledgment of receipt of transcript | 0.1 |
| 09/15/10 | Receive and review court order signed by judge | 0.1 |
| 11/22/10 | Review court docket | 0.1 |
| 09/02/11 | Review court order reversing and remanding | 0.1 |
| 09/02/11 | Review judgment in favor of Plaintiff; contact Attorney Wilborn | 0.1 |

**Total:       1.5 hours**

While the Court appreciates the need for counsel to review court orders and the docket, the total billed for reviewing the documents above is unreasonable when each event is recorded as a discrete six-minute event. Multiple 0.1 time entries for review of single-page documents in the record, such as notices and minute orders, resulted in an unreasonable accumulation of time.

A review of the documents listed above by a practitioner thoroughly familiar with social security appeals in this district, as counsel is here, should require no more than two to three minutes per task, particularly because the electronic docket system provides counsel with email notices of docket activity and a link to any document filed; thus, an attorney does not even have to log into CM/ECF to view the docket entry. While these activities do take time, billing judgment must be exercised in reviewing the accumulation of 0.1 billing entries and comparing such entries to the time actually expended performing these tasks. Based on the activities recorded in reviewing routine,

simple documents, the Court finds that only 0.4 of the time expended on these activities is reasonable; thus, a reduction of 1.1 hours is warranted. As most of these tasks were performed in 2010, the hours should be billed at the 2010 billing rate.

Additionally, Plaintiff's counsel expended 1.7 hours preparing, reviewing, and submitting the civil cover sheet, the complaint, proposed orders, an IFP application, "related documents," and the proof of service as to the summons on April 3 and 23, 2010. (Doc. 21-2, p. 2.) In the context of a social security appeal, these documents are extremely routine. The complaint in this case is three pages long and, unlike the opening brief, does not require a plaintiff to set out arguments or facts in any particular detail. Only one proposed order was filed, but this was a downloaded form and not a document that counsel prepared. (*See* Doc. 4.) Additionally, there were no other "related documents" filed or served, and thus the time recorded as preparing "related documents" on April 3, 2010, appears to be an error. Further, as it relates to the April 23, 2010, "[r]eview and prepar[ation] of the] summons return executed," the docket indicates the summons proof of service was not completed by Plaintiff's attorney, but by a paralegal or legal secretary in Plaintiff's counsel's office. (*See* Doc. 8.)

In sum, upon review of the documents completed for filing and service on June 8, 2010, and the time expended to review the executed summons on April 23, 2010, 0.7 hour is reasonable, and a 1.0 hour reduction is warranted.

### b.     **Insufficiently Documented Billing Entry**

With respect to Ms. Bosavanh's billing entry on April 23, 2010, which indicates that 1.1 hours of time were spent to "[p]repare documents for service of three government defendants," this request lacks any specificity. (Doc. 21-2, p. 2.) It appears that the documents to be prepared and served included Plaintiff's complaint and civil cover sheet, which were already prepared on April 3, 2010, and the time for drafting those documents had been already billed. (*See* Doc. 21-2, p.2.) Thus, "preparation" of these documents on April 23, 2010, would consist of printing them out, as opposed to drafting them. As the work documented in this time entry lacks specificity and appears entirely duplicative of the time spent preparing documents on April 3, 2010, this time should not be awarded.

*See Hensley*, 416 U.S. at 433 (it is the fee applicant's burden to submit "evidence supporting the hours worked"). A 1.1 hour reduction of time is, therefore, warranted.

Further, on April 2, 2010, Plaintiff's counsel spent 0.4 hours to "[c]onference with in house attorney re: merits of case." (Doc. 21-2, p. 2.) This attorney conference billing is confusing because it is unclear who or what an "in house attorney" is for purposes of this case or why consultation was necessary. This time should not be awarded as it is insufficiently documented and appears unreasonable.

### c. Block-Billing Entries and Duplicative Work

Ms. Bosavanh presents her time entries in block-billing format. Block billing refers to "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case rather than itemizing the time expended on specific tasks." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996). "Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended." *Aranda v. Astrue*, No. CV 08-340-MA, 2011 WL 2413996, at *5 (D. Or. June 8, 2011). However, while "the fee applicant bears the burden of submitting 'evidence supporting the hours worked and the rates claimed,'" counsel is "'not required to record in great detail how each minute of his time was expended.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley,* 461 U.S. at 437 n.12.). Thus, in *Fischer*, the Ninth Circuit explained that, rather than refusing to award any fees where documentation is insufficient because of block-billing, the court should either request more information or "simply reduce[] the fee to a reasonable amount." *Id.* (citing *Hensley*, 461 U.S. at 433 for the proposition that a district court can "reduce" the fee award where the documentation is inadequate).

Here, while Ms. Bosavanh's time spent on reviewing the administrative record, conducting research, and drafting the briefs is compensable, the large block-billing entries do not delineate how much time was expended on the tasks recorded in each entry. Specifically, Ms. Bosavanh spent 9.0 hours on September 27, 2010, on several tasks including reviewing the administrating record, conducting research, and completing a first draft of the confidential letter brief. (Doc. 21-2, p. 3.) On September 28, 2010, Ms. Bosavanh spent an additional 7.4 hours again reviewing the

administrative record, drafting, editing, and finalizing the confidential letter brief. On November 21, 2010, in connection with filing the opening brief, Ms. Bosavanh expended 8.5 hours reviewing the administrative record, conducting research, and drafting the opening brief. On November 22, 2010, Ms. Bosavanh spent 6.9 hours again reviewing the administrative record, drafting, editing, and finalizing the opening brief.

While the Court appreciates the need for Ms. Bosovanh to reacquaint herself with the facts and the record, there are three separate entries that relate to reviewing the administrative record in connection with drafting both the confidential letter brief and the opening brief, which are in addition to the 2.8 hours counsel previously spent reviewing the administrative record on March 15, 2010, and August 24, 2010. (Doc. 21-2, p. 2-3.) Without any indication of how much time was spent reviewing the administrative record in the block-billed entries on September 27 and 28, 2010, and November 21 and 22, 2010, some of the time appears duplicative and redundant. Moreover, because the issues raised in the confidential brief will necessarily overlap with the issues addressed in the opening brief, the amount of time spent reviewing the record and researching the issues presented should be discounted. Thus, of the 16.4 hours spent on the confidential brief, a 3.4 hour reduction of time is warranted. *See Fischer*, 214 F.3d at 1121. To account for overlap of the issues presented and the research related to briefing those issues, a 4.4 hour reduction of time is warranted for the 15.4 hours counsel expended on the opening brief.

Finally, Plaintiff's counsel spent 7.4 hours on January 5, 2011, researching issues and drafting a reply brief. On January 6, 2011, Plaintiff's counsel spent 6.5 hours finalizing the reply brief. As noted above, because these entries are billed in block format it is impossible to ascertain how much time was spent on any particular task related to the reply brief. Moreover, the reply brief was only six pages long and addressed only two issues. Thus, 13.9 hours of time expended on the reply brief is unreasonable and a reduction of 7.9 hours is warranted.

In sum, the 45.7 hours of time Ms. Bosavanh expended preparing the confidential letter brief, the opening brief, and the reply brief should be reduced by 15.7 hours. *See, e.g., Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their

reasonableness"); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("We do not quarrel with the district court's authority to reduce hours that are billed in block format. This reduction allows 30.0 hours to complete the confidential brief, the opening brief, and the reply brief, which the Court deems is a reasonable amount of time to complete the work performed.

### 3. Conclusion

As set forth above, the Court finds that Ms. Bosavanh's time expended warrants a reduction of 19.3 hours (1.1 + 1.0 + 1.1 + 0.4+ 3.4 + 4.4 + 7.9 = 19.3). The Court recommends the following award of attorney's fees:

| **Ms. Bosavahn** | **2010** | **2011** | **Totals** |
|---|---|---|---|
| **Hours:** | 32.6 <br> (44.0-11.4 (1.1 + 1.0 + 1.1 + 0.4 + 3.4 + 4.4)) | 8.8 <br> (16.7- 7.9) | 41.4 |
| **Rate:** | $175.06 | $179.51 | |
| **Total Award:** | $5,706.96 ($175.06 x 32.1) | $1,579.69 ($179.51 x 8.8) | $7,286.65 |

### III. CONCLUSION AND RECOMMENDATION

Pursuant to the declarations and time entries submitted, 41.4 (32.6+ 8.8) hours expended by Plaintiff's counsel on the litigation is reasonable. For the reasons set forth above, a reduction of nineteen and three-tenths of an hour (19.3) is warranted for duplicative or otherwise unnecessary and unreasonable time spent by Plaintiff's counsel.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for an award of attorney's fees be GRANTED in the amount of $7,286.65; and

2. Plaintiff should be paid in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge

will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 19, 2012**                                /s/ Sheila K. Oberto
                                                                              UNITED STATES MAGISTRATE JUDGE